UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 1:09-CR-88

TROY DEON LEWIS                          HON. GORDON J. QUIST

    Defendant.
_____/

## OPINION

Defendant, Troy Deon Lewis ("Lewis"), has been charged in a one-count indictment with conspiracy to distribute 50 grams of more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii). Lewis has moved to suppress evidence obtained during the execution of a search warrant at a residence located at 163 W. Fountain Street, Battle Creek, Michigan. The warrant issued on January 9, 2007, by Calhoun County District Court Magistrate Roger Graves. The magistrate issued the warrant based upon the affidavit of Deputy Pignataro, a Calhoun County Deputy Sheriff. Lewis contends that the warrant was invalid because the affidavit failed to establish probable cause to search the residence. For the reasons set forth below, the motion will be denied.[1]

### BACKGROUND

On January 9, 2007, Deputy Pignataro submitted a probable cause affidavit in support of a warrant to search 163 W. Fountain Street, City of Battle Creek, County of Calhoun, Michigan.

---

[1] Having reviewed the parties' briefs, the Court finds oral argument unnecessary to resolve the motion.

Because the parties are familiar with the contents of the affidavit, the Court finds it unnecessary to set forth the substance of Deputy Pignataro's statements.

## DISCUSSION

Lewis contends that the search warrant was invalid because the information contained in Deputy Pignataro's affidavit fails to establish probable cause to search 163 W. Fountain Street. Lewis contends that the statements in the affidavit suggest that the unidentified man did not deliver the crack to Gibson inside the house, but instead gave Gibson a CD from the SUV which contained the crack. Lewis also contends that the affidavit fails to show how Turner knew the man was Gibson's supplier for the prior transactions, and there is no indication that Turner had ever been inside the Fountain Street residence during a drug transaction or that Trooper McNabnay had ever been there on a prior occasion. Lewis also contends that Trooper McNabnay's conclusion that Turner was referring to 163 W. Fountain Street, rather than Lewis himself, as the "source" is unwarranted, because Turner was referring to the person who supplied the drugs rather than a location. Finally, Lewis contends that the information regarding his 1997 drug conviction and his 2005 arrest for a traffic offense are irrelevant to the existence of drug activities at the Fountain Street residence.

The Government contends that Lewis' motion must be denied because Lewis fails to claim that he has standing to contest the search. Regarding the sufficiency of the warrant, the Government contends that regardless of whether the unidentified man gave Gibson the drugs inside the residence or outside when he handed Gibson the CD case, the information in the affidavit provided ample probable cause to conclude that drugs and/or evidence of drug dealing would be found inside the Fountain Street residence. Finally, the Government asserts that even if the affidavit failed to

establish probable cause, the warrant was still valid under the "good faith" exception of *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3416 (1984).

### *Standing*

Standing exists in the Fourth Amendment context if the defendant has a "legitimate expectation of privacy" in the places or items searched. *United States v. King*, 55 F.3d 1193, 1195 (6th Cir. 1995). To establish standing, a defendant must show: (1) that he had a subjective expectation of privacy; and (2) that his expectation was objectively reasonable. *United States v. Washington*, 573 F.3d 279, 282-83 (6th Cir. 2009) (citing *United States v. Pollard*, 215 F.3d 643, 647 (6th Cir. 2000)). Here, Lewis has sufficiently shown that he has standing because he resided at the 163 W. Fountain address. As Lewis notes, the affidavit twice refers to Lewis residing at that address. The Sixth Circuit has found standing where the defendant had a much more tenuous connection with the residence. *See United States v. Waller*, 426 F.3d 838, 844 (6th Cir. 2005) (holding that a person who never was an overnight guest had a reasonable expectation of privacy in a friend's apartment where the defendant showered, changed clothes, and kept some personal possessions in the apartment).

### *Probable Cause*

Lewis bears the burden of establishing that the affidavit was insufficient to support the issuance of the warrant. *See United States v. Blakeney*, 942 F.2d 1001, 1015 (6th Cir. 1991).

"Probable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). The test for probable cause is simply whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998) (internal

quotation marks omitted). The existence of probable cause must be determined using a "totality of the circumstances" test; that is, the question is whether, given all of the facts known to the police officer, there is a fair probability that contraband or evidence will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332 (1983).

To meet the probable cause requirement, an affidavit in support of "a search warrant need not establish beyond a reasonable doubt that incriminating evidence will be found on the premises to be searched." *Blakeney*, 942 F.2d at 1025. However, probable cause does require a "substantial basis" for concluding that evidence of a crime will be found at the location to be searched. *Id.* (citing *Gates*, 462 U.S. at 238, 103 S. Ct. at 2332). The Supreme Court and the Sixth Circuit have emphasized that the issuing court's probable cause determination is entitled to "great deference" by reviewing courts. *United States v. Leon*, 468 U.S. 897, 914, 104 S. Ct. 3416 (1984); *United States v. Pelham*, 801 F.2d 875, 877 (6th Cir. 1986). A magistrate's determination of probable cause should be upheld so long as the magistrate had a "substantial basis" for concluding that the search would lead to evidence of a crime. *Pelham*, 801 F.2d at 877-78.

The "totality of the circumstances" test set forth by the Supreme Court in *Illinois v. Gates*, *supra*, guides the probable cause analysis:

> [t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and 'basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Gates*, 462 U.S. at 238, 103 S. Ct. at 2332.

Lewis contends that the inference from the affidavit is that the drugs were not kept inside the residence but instead were in the CD cases that the unidentified man retrieved from the SUV. This is only partially true. The affidavit establishes that Gibson did not have the drugs when he left

4

Trooper McNabnay's vehicle but had them when he returned. The affidavit does not conclusively establish when Gibson received the drugs, but two possibilities exist: (1) he received the drugs when he went into the house; or (2) he received the drugs when the unidentified man gave him the CD case.[2] The affidavit does not disclose what Deputy Pignataro or Trooper McNabnay believed happened.

If (1) were the case, and Gibson really was just borrowing a CD, then probable cause would exist to believe that more drugs, or evidence of drug dealing, would be found inside the residence. Lewis does not argue otherwise. But probable cause does not evaporate solely because (2) may be true.

First, the affidavit states that the unidentified man retrieved a "handful" of CDs from the SUV, gave one to Gibson, and then walked back into the house. The affidavit does not say that the man put the other CDs back into the SUV, so it reasonable to assume that he took them inside. If the drugs were in the CD case the man gave to Gibson, it was just as likely the other CD cases contained drugs. In other words, it was reasonable to believe that the CD cases were the packaging for the product, and Gibson received a fully-packaged product. Thus, there was a fair probability that drugs would be found in the residence as the unidentified man had taken drugs in CD cases into the house within the last 24 hours.

Second, the unidentified man's actions were consistent with those of a resident – someone with control over the premises. The man let Gibson inside, and when he was finished with his business outside, he went back into the house. It was thus reasonable to assume that the man lived at the house. And, because Trooper McNabnay confirmed that the unidentified man had just

---

[2] Although the affidavit says that the man retrieved a handful of CDs, it appears that they were actually CD cases because, as far as the Court knows, drugs cannot be placed inside a CD.

delivered drugs to Gibson, he had good reason to believe that incriminating evidence would be found in the house because "[i]n the case of drug dealers, evidence is likely to be found where the dealers live." *United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986). *See also United States v. Black*, No. 04-CR-162-S, 2005 WL 4864408, at *13 (W.D. Wis. Jan. 7, 2005) (stating that "in drug investigations, courts issuing search warrants are entitled to infer in a drug case that evidence likely will be found where the drug dealer lives") (citing *United States v. Koerth*, 312 F.3d 862, 870 (7th Cir. 2002), and *United States v. McClellan*, 165 F.3d 535, 546 (7th Cir. 1999)). Moreover, in his affidavit, Deputy Pignataro stated that he knows from his experience that drug dealers often keep drugs, drug records, and packaging at their residences, and the magistrate was entitled to rely on this experience in evaluating the warrant application. *United States v. Orozco*, __ F.3d __, 2009 WL 2461341, at *3 (7th Cir. Aug. 13, 2009) (noting that "it is well established as a general matter that a magistrate evaluating a warrant application is entitled to take an officer's experience into account in determining whether probable cause exists"). In fact, even if the CD cases the man took into the house were empty, they were still evidence of drug dealing because, as noted, it was reasonable to believe that the CD cases could be packaging for the drugs.

Third, the information connecting Lewis to 163 W. Fountain, as well as his past history of drug dealing, provided additional support for probable cause. Although Lewis' conviction occurred almost ten years prior to the transaction at issue, his history of drug dealing, combined with information that someone connected with 163 W. Fountain was dealing drugs and that Lewis was known to reside there, bolstered the finding of probable cause.

Finally, Turner's statement regarding Gibson's use of the same source in the prior transactions is not critical to the existence of probable cause. Lewis may be correct that Deputy Pignataro and/or Trooper McNabnay made an unwarranted inference that Turner's reference to "the

6

same source" meant the place – 163 W. Fountain Street – rather than the person. However, even if Turner was referring to the unidentified man rather than the residence, his statement nonetheless shows that the man was engaged in ongoing drug trafficking and supported the conclusion that evidence of drug dealing would be found inside 163 W. Fountain, where the man appeared to live. As for the basis of Turner's knowledge of Gibson's prior dealings with the unidentified man, the affidavit shows that Turner had an ongoing supply relationship with Gibson and spoke with Gibson about his supplier on several occasions. Thus, it would be reasonable to infer that Gibson shared information about his supplier with Turner.

Because the court concludes that the information in Deputy Pignataro's affidavit was sufficient to establish probable cause, the Court finds no need to address the *Leon* good faith exception.

## Conclusion

For the foregoing reasons, the Court will deny Defendant's motion to suppress.

An Order consistent with this Opinion will be entered.


Dated: September 15, 2009 　　　　　　　　　　　　/s/ Gordon J. Quist　　　
　　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE